Zinman versus L. A. Fitness. By the way, Mr Stickney, I know you were court appointed and I appreciate the court appreciates your acceptance of that appointment and discharge of your responsibilities this morning. It's good to see you again. Maybe it won't take as many years to see you next time. Thank you very much. I appreciate it. Thank you. Okay, Mr Zinman, please come speak with us. Please work. Good morning, Your Honors. My name is Corey Zinman and I'm here today proceeding on my own behalf, appealing from the district court's dismissal of my complaint against the appellee. While the district courts that a number of things in in its order that I challenged in my briefs, I'd like to focus the court's attention on the two reasons that it gave for dismissing my complaint. Those being that I failed to allege that I complied with title twos notice provision and secondly, because I allegedly failed to set forth a prima facie claim of discrimination under Title two. Let me tell you the one I'm more concerned about is the second. Um, so it seems to me that what you alleged is that you were required to wear a mask by the gym. Uh, and some others were not. But that's really it. That's all you really told us. And at least for my reading, uh, you've not alleged fact. I'm concerned that you've not alleged facts from which I could infer, uh, what's going on here in terms of you being required to wear a mask and others not is religious discrimination. I don't know. I don't know really anything about why the others were not required to wear a mask. I have to assume for purposes of motion to dismiss that everything that you've alleged is true. Um, and grant all reasonable inferences in your favor. But my concern is that I don't know what the facts are with respect to these others who allegedly, uh, were not required to wear a mask. Maybe there was a medical condition with them. There could be. I would just have to speculate. Uh, and it would be one thing if if if you had alleged facts that led me to believe they were not required to wear a mask because of a religious belief. But you were despite a religious belief. I could infer from that religious discrimination, but I don't have anything like that here. So what do you say, Your Honor? With all due respect, the allegation that I made in my in my complaint was that the mask policy was selectively enforced against me. Um, but the main issue that I would like to raise with respect, you've alleged that it was religious discrimination. Correct. Because I was forced to either forego my my sincerely held religious beliefs or be denied the full and equal benefit of the appellee services. The problem is, though, that if it's selective, the question is, was it selective because of religion? Your Honor, with with all due respect, I don't believe that's the necessarily the standard to prove discrimination under Title two. However, I also would like to make the point that the prima facie, um, standard, according to the Supreme Court in in Swerkovich versus Sarama, the prima facie standard is an evidentiary standard and not a pleading requirement that plaintiffs have to satisfy to. I'm just wondering what facts did you allege that would allow me to infer that the reason for the discrimination against you was your something else with with respect to the others who were not required to wear mass. I cannot speak to the appellee's intent. Um, as far as why they enforced their policy selectively against me. But again, as far I mean, even if we were applying the prima facie standard under Title two, I don't believe that's what I would be required to show. Um, I'd be required to show a that they replace the public accommodation be that, um, that there was discrimination or segregation on the ground of race, color, religion or national origin. Section 2000. A. A. Right, correct. Where? From what fact can I infer that there was discrimination on the ground of religion? Because the policy itself is inherently discriminatory. Um, it's not inherently discriminatory on the basis of religion, though. Well, it doesn't allow me to, to I'm forced to either forego my religious beliefs or to. The problem is there are others. It'd be one thing if you alleged that you were treated differently or worse than similarly situated individuals. That's precise. I don't mean to interrupt you, but that's precisely what I've alleged. Ah, as far as. Yeah, but I don't know how I can tell that they're similarly situated just based on the allegations of your complaint. Um, for all we know, they had the same religious beliefs and there was some the mask policy was enforced differently for some other reason. Yeah. While that may very well be possible, I believe that I should have been allowed an opportunity to conduct discovery to investigate my theory. Um, because again, the prima facie standard isn't required to be satisfied in the complaint. So let's say that we agree with you that the prima facie standard isn't the pleading standard. But I think as Chief Judge prior has been saying in similar cases, we've said that you would need to show facts that if true would would mean that you were discriminated against because of your religion. And I think I think we understand you made the point that you were treated differently. But what we don't see is a because of religion and again, Your Honor, that would but I mean, it seems like your argument is because your objection was a religious one and it was not accommodated that that necessarily constitutes religious discrimination. And and what I'm what I think we're suggesting to you is that's not enough. If I may make an analogy, if the appellee had a policy that prohibited all all headgear hats and everything entirely, would that not be a policy that discriminates against muslims or even jews who wish to wear a kippah? That's that's the point that I'm making is that I wasn't allowed to. What I think maybe the difference there, maybe the comparison there would be if they then let people of one religion wear their hat and they did not let people of another religion wear their head covering. I think that's I think two different groups. So if they don't if they don't allow anybody to wear headgear and muslims by default would not be muslim women at least would not be allowed uh access that wouldn't be discriminatory towards muslim people. We're obviously not deciding that case. There might there might be a different first amendment claim there. But I think if there wouldn't necessarily be a equally I would respectfully disagree. Um but as uh you mentioned that there were some cases that were on point and I believe that the one that came out of this circuit was uh thomas. I know it's thomas versus something oil or free oil. It requires the plaintiff to show that he was treated less favorably than similarly situated people. And Mr Zimmerman, the problem I think we're having is that we don't have from the facts that you alleged anything to to suggest to us that the others were similarly situated. But according to equal, the court is was required to accept all of the allegations that I made is true. So the fact that I alleged that they selectively enforced, um but let's go back to judge grants hypothetical. So let's say that the others who were not required to wear a mask had a religious objection that that was accommodated. Okay. For what? And let's say that um the owner of the gym just doesn't like you. Okay, that that would not be religious discrimination. That would be, I don't like Corey Zinman discrimination, which is not illegal under federal law. Okay. No, but if they don't like me because of the fact that I was voicing a religious objection to their policy, I would argue that that's a different thing. But we have to have some facts that would suggest to us that that's the reason in the complaint itself. I argued that they didn't um they didn't start picking. They didn't attempt to exclude me until after I had voiced a religious objection to their policy, even though numerous other gym goers, members of the gym also were not wearing their mask. And I mean, I have video evidence to prove that I just wasn't allowed an opportunity to to show that because I was dismissed with prejudice without being given an opportunity to conduct discovery. I have a question about the sanctions aspect of the case. Do I think our precedent suggests that once a sanctions order has been complied with an appeal is moot. What's your response to that? Yeah. I did. I did file the notice of compliance in the in the district court. So that's uh, honestly, I didn't intend really to object to that portion of the order. I was hoping that, you know, the order itself would be overturned and that, um, we would just move back down to the district court. As far as the mootness argument, I don't really have an argument there. However, the only thing that I could say about the sanctions order was that the judge didn't make a finding of bad faith or any violations of Rule 11 prior to sanctioning me. Um, isn't it possible, regardless of what our precedent may or may not require that there's some sort of excuse me, some sort of reputational consequence to a sanction that would that would not disappear once that sanction was complied with? Absolutely, Your Honor. And I've already suffered those consequences. I've had, uh, I mean, google my name and it comes up. I've had, uh, youtubers, you know, make light of it. Um, so I definitely have suffered those consequences and job interviews that definitely comes up. So, I mean, for all those reasons, there's definitely a huge reputational consequence. So, you know, irrespective of the mootness of the well, I guess, you know, that goes to the mootness is that it's really not moot because I'm still suffering those reputational consequences. Um, if your honors have no more questions, I would like to reserve the rest of my time for rebuttal. Okay. Uh, so you had reserved three. I'll give you four. Thank you, Your Honor. Thank you. Um, Miss Savona. Good morning. May it please the court. Teresa bone on behalf of that believe L. A. Fitness. As this panel has indicated, uh, the correct standard is a pleading standard. This isn't a prime of facious standard that we're looking at. There needs to be something more than a legal conclusion, a recitation of a cause of action in order for a complaint to state a cause of action. And in this case, under title to Chief Judge prior, you correctly identified that there are no facts that could be garnered from this complaint that was dismissed or facts that can there can be inferences. Instead, there was a legal conclusion by the appellant that went to that fourth prong of a title to claim. It does seem like the exhaustion is a defense that he doesn't have to plead around. Do you repeat that? I apologize. Exhaustion of administrative remedies is a defense. It doesn't seem to me that the plaintiff is obliged to plead around that. It may be something that that L. Affirmative defense, but it does not seem to me that he has to allege that he is in fact exhausted his remedies. Am I wrong about that? My understanding for the notice requirement is that he would have to plead the allegation and I want to take, um, I guess maybe move forward or step back from that and acknowledge to this court that his that the appellees excuse me, the appellants proposed second amended complaint did in fact allege that he are the florida commission on human rights notice. So I think for the notice requirement, even sometimes so sometimes a plaintiff will allege that the plaintiff has exhausted remedies, but but maybe include documents attached to the complaint or or or do it in a way that you can tell from the face of the complaint that they failed to exhaust their administrative remedies and we can dismiss because it shows on the face of the complaint that they failed to do so. That's different from a plaintiff who alleges that that he or she has exhausted and it's not apparent that that's not true. Okay. Uh, or doesn't allege anything about it at all. In which case, I'm not, it seems to me that that's something a defendant can move to dismiss for failure to exhaust administrative remedies. But but it's not something that's a defect on the face of the complaint and and here what we're trying to deal with I think is whether the district court should have dismissed this complaint because of defects apparent on its face. That's correct. And even if this court found that the district court was incorrect on the notice for dismissal, um it's the district court or this court should still have formed the district court's because of the failure to allege the title two. So even so I agree with you even if that part was incorrect, this court can still affirm the dismissal. I guess the thing I was wondering is was was I missing something on the failure to exhaust uh and that in fact the district court was right about that too because it doesn't appear to me that it was well and there is a difference in opinions with the district courts in the state of florida. So there is a middle district court that said you don't have to do this, you don't have to comply. There is a southern district court case that says the opposite. So appellant relied on the middle district court case, L. A. Fitness below relied on the southern district court case and that ranges habit in florida. It seems like every order I get from a district court in florida sites, lots of district court opinions and not reported decisions of circuit courts of appeals. Uh, you know, presidential opinions, you know, this is maybe we just don't publish it. Well, nonetheless, even if the district court wasn't correct on the notice requirement and I think what the panel and what my colleague has focused his time on today was that missing fourth prong of the title to claim. So I do want to acknowledge that as well. I haven't several circuit courts in similar context said, although it's not a pleading requirement that if the opponent raises it, you can dismiss for that reason. So it's a non jurisdictional claims processing rule more than a pleading requirement. I understand the claims processing rule argument that my colleague raised was raised for the first time in the reply brief claims processing rule argument was not raised below. It was not raised in the initial brief. So it's not something that the district court addressed in this case. It's not something that L. A. Fitness addressed in this case. So I apologize if I misunderstood your question. It's not something that's been briefed or fleshed out. What about returning to the substance of his pleading? Why? Why shouldn't we make the inference that if he alleges that he was not required to wear a mask until it was sorry that he was not required to wear a mask until he informed the gym that the reason he didn't want to wear a mask was because of his religion. Why shouldn't we infer religious discrimination from that allegation? Because the allegation that is in the amended complaint is a legal conclusion, and the pleading standard doesn't allow for inferences based on legal conclusions. If my colleague had indicated just something else in the complaint, I think that could be an intimate. Let's go back. So is it true that he alleged that he was not required to wear a mask until he explained to L. A. Fitness that he had a religious objection, and then they did require him to wear one. If I could what when others were not being required? Sure, if if I can quote what my colleague put in the amended complaint, and this is a documentary six paragraph 24 at the time that L. A. Fitness management was insisting that Zenman wear a facial covering both to enter and exit as well as to move about their facility. L. A. Fitness management was allowing other similarly situated individuals both to enter and exit as well as to move about the facility without facial coverings. That was the that's the second step. I think what she's just prior asked you about was his allegations that he said he wasn't initially required to wear a mask, and then he said he made clear to management that he didn't want to wear a mask because of his religious beliefs. You agree with that, right? He did allege those things. He did allege that he informed the gym. At that point, he was told he was required to wear a mask. My understanding was he was required to a mask prior to that, because this was in December of 2020. There was a Palm Beach County ordinance that was in place. Okay, what is the complaint allege as opposed to what your understanding was? Let's make sure that if that's what we're going to talk about, that it's tied to the allegations of the complaint because we have to read those and the light most favorable to the plaintiff. Okay, absolutely. Yeah. So I'll let you answer first. So I'm looking at the facts of the amended complaint, and it indicates that the appellant made L. A. Fitness aware of his objection to wear a facial covering based on his religion. All right. So does it allege what the policy was that L. A. Fitness was leading up to that point? No. Is it allege? Um, at what point L. A. Fitness imposed a mass mandate or anything about that? It indicates that what does it say? Initially, L. A. Fitness management accommodated Zen men's religious objection to their policy and offered him the full and equal enjoyment of their goods, services, facilities, privileges, advantages and accommodations. Despite the fact that Zimming continued refusing to wear a facial covering, it then goes on to say that on or about December 15th of 2020 L. A. Fitness management publicly harassed Zen men about wearing a facial excuse me facial covering, despite the fact that Zen men had made clear to them that to do so would violate his sincerely held religious. So in other words, he was, he was accommodated. He was not required to wear a mask, even though L. A. Fitness knew during that period he had a religious objection. Correct. But something changed correct December. Uh, and, and, and it doesn't allege a basis for inferring what the, what the change, what brought about the change. Correct. It also does not indicate at what time he made L. A. Fitness aware of the objection. It just says in 2020 and then it says on December 15th 2020 is when L. A. Fitness enforced the mask mandate. So I don't have those facts based on the amended complaint. And I think that's where the district court was was concerned is and just like this panel is concerned is that there needs to be something a little more for this to meet the pleading standard, not the prima facie standard, the pleading standard. And so looking at those facts and then looking at the part two that judge prior had mentioned that doesn't allow for any inference to be provided to allow a title to claim to go forward against L. A. Fitness. Can we make any inference from the harassment piece of it? I don't believe so only because there isn't anything that was said. It says L. Harassed him about wearing a facial covering again. I think if there was something more and this is not requiring a heightened pleading standard, this is asking for factual basis, which this court in the Murphy oil case has said is required in order to bring claims of discrimination. So I think going if we're going into that level, then courts would be digging into every word, trying to find something to allow a to go forward when there is a basis for relief under 12 B six. It says that they harassed him. They publicly harassed them and about wearing a facial covering despite the fact that he had made clear to them that doing so would violate his religious beliefs. What if he had said, I know this isn't your case, but what if he had said they publicly harassed him about wearing a facial covering because of his religious beliefs? Would that be a different case potentially? But I still think there needs to be more. I mean, we don't know. And I was not at the gym and I don't know the management at the gym. But if let's assume for purposes of of this discussion that a gym member tells just a regular employee, not a manager and says, I have an objection based on my sincerely held religious beliefs. Maybe that employee does something with that maybe they don't. And then if the manager then sees one day that the same gym member comes in without a mask as required and says, wait a second, we're in the middle of a pandemic. We have emergency orders. What is going on? You need to wear a mask. And it's a time of the year when infections are surging. Correct. So there are, I think again, that would require a lot of reading in. So I think just the change of one word, while I think that is an interesting change in a complaint, I still think that there would need to be more. And even looking at this complaint, I think even if it said, because I still don't know. And again, I know this is speaking hypothetically. I still think it doesn't meet it because there isn't. I think we're all kind of looking for something more in this complaint so that it would meet the pleading standard. But there are not enough factual allegations. Um, and so for those reasons, the district court appropriately dismissed the case, granted the motion to dismiss with prejudice. Um, with respect to paragraph 24, um, Mr Zim alleged concludes in a conclusory fashion, as you say, that management was allowing other similarly situated individuals both to enter and exit as well as move about the facility without facial coverings. What more would Mr Zimmerman have to have alleged about those similarly situated individuals? Sure. Um, as this case, excuse me, as this court stated and Thomas Murphy oil, it says factual details sufficient to support claims of unlawful discrimination. Um, and that that would be something as in this is someone who was either similarly situated or, um, or others who were not. There's other cases from districts. I know, Chief Judge fired. We don't want to talk about district courts that aren't relying on presidential cases from this court. But there are district courts that have talked, um, in applying the Thomas case that have talked about essentially an apt comparator. And again, that's not a heightened pleading standard. It's saying you can't use causes of actions, the elements of a cause of action to state a complaint. And that's nothing different thing. Wouldn't one example be, uh, other individuals who had religious objections were not required to wear a mask, but he was, that would be one way. Is there are there other ways where there could be factual allegations that would make it that would cross the threshold from conclusory to satisfying the notice pleading requirements? I'm sure that there are and without probably going down into a rabbit hole of different. You just can't think of it. I can't think of any at the moment. Um, and again, going off of what this court has said in thomas and what the pleading standard is saying, one might be an employee, um, said, well, yeah, we're, we're accommodating their religious objections, but we're not going to accommodate yours because we don't like Jews. Sure. And that would be, that would be a base. And in other cases that have talked about title two discrimination have gone into more just don't have that on the face of this amending complaint. I see I am right out of time. Judge grant. Do you have a chief? If the chief doesn't mind, I've got one follow up question. Um, how, what if these other people who weren't wearing masks, what if they, what if they didn't want to talk to, um, to your opposing party? What if they weren't willing to share the information? How, how is a, how is a patron supposed to be able to figure out why other people are being allowed to make that move while he's not? Well, I think it goes to, uh, maybe I think your question goes to potentially allowing discovery to be able to start a claim of action. And that's something that has been rejected. Um, and discovery, the discovery rules are not to be put in play until a motion to dismiss is one thing he could have done is when he was thrown out, it's asked, asked, well, why is it that they're being allowed? Right? And again, and maybe and again, maybe that did happen. We don't. These were never alleged in the complaint. So again, I see I'm out of time and I do have one more. Um, I think paragraph 26, I think it's closer to, um, what Mr Zimmerman was saying about his allegation. Um, it says management did not seek to terminate Simmons membership until after he had raised a religious objection to their policy requiring facial coverings. Why? I think he probably stated a little bit stronger here. But why isn't that enough for us to assume for us to infer at this stage is a case that there was religious discrimination. I don't excuse me. I don't believe that even looking at paragraph 26 that that goes to the factual allegations that are stated before to again say, I said this, you'd said this. I think that's very the formulaic recitation. So even though that again, maybe it's something that moves the dial a little bit, it's not something that puts it over. I think that the conclusory, um, that conclusory statement in order to state a claim, a claim we would ask for this court to affirm the district court's order. Thank you. Thank you. Uh, your honors, the first issue that I'd like to address on rebuttal is, um, although, uh, counsel for the appellee today stated that I didn't need to satisfy the prima facie standard on the entire time throughout their briefs, they were insistent that I had to satisfy title twos fourth prong, which corresponds to the prima facie agree with you that they don't have to do that. You don't have to do that. Secondly, with respect to legal conclusions, it's not really clear to me. Uh, the word, the phrase formulaic resuscitation is being thrown around a lot. But to me, the allegation that L. A. The appellee allowed similarly situated individuals to enter, exit and move about their facility without essentially that they selectively enforce their policy using the magic words. Similarly situated is is is the thing that we're concerned is conclusory with without some factual allegation of what it is that makes them similarly again, your honor. But the similarly situated element corresponds again to the prima facie standard. But but but the case that you yourself cited in your opening the thomas case is about a pleading standard, right? Your honor. And you've got to say a little bit more than that. That's your concern. Um, I don't mean to cut you off or you know, you're fine. Go ahead. Um, in that case, the plaintiffs merely alleged that he was, he was sprayed water on and it was racial discrimination because he's alleging that they didn't like him because of his race. And that's markedly different to what I'm claiming is that their policy is inherently discriminatory against my religious beliefs. Um, I don't know. In that, in that case, maybe they didn't spray people who were of a different race, right? But that isn't, that isn't necessarily show that doesn't get you from A to B, does it? I'm confused on what you're asking me. Never mind. I've got a different question. Um, on paragraph 10, you note that initially L. A. Fitness management accommodated your religious objection to their policy and offered full and equal enjoyment of good services, etcetera, etcetera. Um, but then on or about you could better infer that religion was the reason had they never accommodated your religious beliefs. Isn't the more natural explanation that there are some other reason that they started to enforce the policy? Uh, no, you're no, your honor, because I've also alleged that they were at the same time that they were enforcing it, they were still allowing other people to frequent the gym without being without them being required to wear. You haven't told us anything about who they were or anything like that. The problem is you've alleged that L. A. Fitness accommodated your belief at the start so that they were aware of it. You had objected, you had informed them that there that you had a religious objection and for a while at least that was okay. You weren't required to wear and you told us while some others were not being required to wear a mask, but we don't know anything about them, anything other than that they were in the gym and not being required to wear a mask. And and what what I guess we're struggling with is is there enough here to to infer reasonably that the change, the december change was because of your religion with all due respect, your honor, uh, it would be impossible for me to know the particular details concerning the other members of the gym without being allowed an opportunity to conduct discovery. I mean, it's like, like Judge Grant said that I could have just said something about you could have, did you talk to the other gym members? I it's not impossible to find out facts from without discovery, is it? No, but it would have been significantly. Uh, I mean, I believe that's the entire purpose of discovery is to be able to garner additional facts to support otherwise viable legal claims. And I think that I have alleged a viable legal claim. I just haven't alleged all the facts to go along with that. Did you ask why you were being made to wear the mask? Or did you, did you allege to the gym what was going on? I mean, I made them clear about my religious objections. Uh, they accommodated at first and then they changed their position on it. Um, and as far as did I ask, like, is this because of my religion? No, I didn't ask that. Um, however, again, I don't believe that that's necessarily even something that I'm required to prove it just as long as the policy itself is discriminatory towards, you know, towards religion, irrespective of whether they intended it to be discriminatory towards religion. Um, I see that I'm out of time, but the last thing I wanted to address if it's okay is, uh, judge grant, uh, you had brought up, um, the language of, uh, claim processing rules and counsel for the appellee said that's not something that the court is allowed to consider, uh, because it wasn't flushed out. And while I apologize that that wasn't raised in my original brief, I didn't become aware of the Supreme Court precedent of the Supreme Court analyzing a nearly identical provision of title seven until after I had filed that brief. So, but I would, I would still argue that this court is not only allowed, but it is more than likely bound to consider the Supreme Court's, uh, ruling on in those cases. Okay. Uh, thank you, Mr Zinman. We have your case and we'll hear the next one. Yeah.